UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
4.18.19
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 3:19-cr-72-J-34MCR
21 U.S.C. § 841(a)(1)

LARRY BOUKNIGHT
  a/k/a "Rico"

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about September 6, 2018, in the Middle District of Florida, the defendant,

LARRY BOUKNIGHT
a/k/a "Rico"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperdinyl]propanamide (i.e., fentanyl), a Schedule II controlled substance.

Pursuant to 21 U.S.C. § 841(b)(1)(C), on or about September 6, 2018, a person identified herein as "H.B." died as a result of the use of the mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperdinyl]propanamide (i.e., fentanyl), a Schedule II controlled substance distributed by the defendant.

All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT TWO

On or about September 9, 2018, in the Middle District of Florida, and elsewhere, the defendant,

LARRY BOUKNIGHT
a/k/a "Rico"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperdinyl]propanamide (i.e., fentanyl) and fluoroisobutyryl fentanyl, both Schedule II controlled substances and are therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## FORFEITURE

1.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.  Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such violation.

      3.     If any of the property described above, as a result of any acts or omissions of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Julie Hackenberry
Assistant United States Attorney

By: _____
Kelly Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

3

FORM OBD-34
4/9/19 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

LARRY BOUKNIGHT a/k/a "Rico"

INDICTMENT

Violations: 21 U.S.C. § 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 18th day
of April, 2019.

_____
Clerk

Bail $ _____

GPO 863 525